## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Case No. CR 2-06-192** |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| KEITH WALLS, | : | |
| | : | |
| Defendant. | | |

### OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on the Government's Motion for Revocation of

Defendant's Release Order. The Government indicted Defendant Keith Walls on four counts of

wire fraud and moved for pretrial detention. Following an evidentiary hearing, the magistrate

judge ordered Walls to be released on certain conditions. But the magistrate judge stayed

Walls's release pending the Government's appeal of the order to this Court. For the reasons

stated below, the Court **DENIES** the Government's motion. Walls is hereby released pursuant to

the conditions imposed by the magistrate judge.

### II. BACKGROUND

The Government indicted Walls on four counts of wire fraud in violation 18 U.S.C. §§

1343 and 1342 on August 15, 2006. Walls is 58 years old. He has no prior criminal history. He

suffers from multiple sclerosis and high blood pressure, which have recently confined him to a

wheelchair. Walls lives with his wife of seventeen years and their three children at their home in

Phoenix, Arizona. Walls is accused of conducting a wire fraud scheme to steal retirement

benefits from the State Teachers Retirement System of Ohio ("STRS"). Walls's mother received
STRS benefits until her death on September 14, 1998. The Government alleges that Walls
opened two checking accounts at Compass Bank in Arizona using false identification in order to
collect on his deceased mother's pension.

Following his arrest, a magistrate judge in the District of Arizona held a preliminary
hearing to determine whether Walls should be detained pending trial. Investigating Agents for
the Federal Bureau of Investigation ("FBI") testified that upon receiving a letter from the United
States Attorneys' Office informing Walls that he was the target of a wire-fraud investigation,
Walls and his family abruptly relocated without notifying their landlord. The agents testified that
they found and arrested Walls only with some difficulty, almost a year after a grand jury handed
down his indictment. FBI agents also testified that upon arrest, Walls made numerous false
statements relating to his recreational drug use, his living situation, the identity and address of his
employer, and his income.

Although the magistrate judge characterized Walls as a serious flight risk, he concluded
that the Government failed in its burden of establishing by a preponderance of the evidence that
there were no conditions which would reasonably assure Walls's appearance. As such, the
magistrate judge ordered Walls to be released provided that he submit to electronic monitoring
and home detention and that he not leave Maricopa County without the consent of the Court or
Pretrial Services. Because the Government indicated that it would appeal the order, the
magistrate judge stayed Walls's release pending this Court's ruling.

## III. STANDARD OF REVIEW

In considering the Government's motion to revoke, "the Court reviews the record de

-2-

—

novo, and must make an independent determination of the proper pretrial detention or conditions for release." *U.S. v. Demmler*, -- F. Supp. 2d. --, 2007 WL 3228127, \*3 (S. D. Ohio, 2007) (citing *U.S. v. Garnett*, No. 07-00093, 2007 U.S. Dist. LEXIS 62168, \*2 (S.D. Ohio Aug. 23, 2007)). Pretrial detention is only appropriate if the Court determines that there are no conditions which will reasonably assure both Defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e). The following factors inform the Court's decision: (1) the nature and circumstances of the offenses charged, including whether they are crimes of violence; (2) the weight of the evidence against Defendant; (3) Defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (unpublished). Ultimately, "the legal standard required [for pretrial detention] is one of reasonable assurances, not absolute guarentees." *U.S. v. Orta*, 760 F.2d 887, 888 fn. 4 (8th Cir. 1985).

## IV. LAW & ANALYSIS

The Government has not established that Walls presents either a risk of danger or flight. The governing statute creates a presumption of detention when, among other things, Defendant: (1) is charged with a crime of violence, or controlled-substances offense, that carries a maximum sentence of ten years or more of imprisonment; (2) is charged with a felony and was previously convicted of two or more offenses involving ten or more years of imprisonment; or (3) is charged with a felony that involves a minor victim or dangerous weapon, such as a firearm. 18 U.S.C. §§

-3-

3142(e) & (f)(1). Because Walls is charged with wire fraud, no presumption of detention attaches in this case.

As such, the Court is "mindful of the reality that pretrial detention may hinder Defendant's ability to gather evidence, contact witnesses, or otherwise prepare for his defense," *Demmler*, 2007 WL 3228127, at \*3 (citing *Barker v. Wingo*, 407 U.S. 514, 533 (1972)). Accordingly, the Court will order pretrial detention only if there are *no* conditions under which Walls's appearance and lack of dangerousness can reasonably be assured. Because the Government concedes that Walls poses no danger to the community, the Court addresses solely the risk of flight.

### 1. Nature and Circumstances of the Offenses Charged

The nature and circumstances of Walls's alleged offense militate against pretrial detention. The statute suggests that a defendant presents a greater risk of flight if he is indicted for crimes of violence, terrorism, and those that involve a minor victim, a controlled substance, firearms, explosives, or other destructive devices. 18 U.S.C. § 1342(g). Significantly, Walls is not accused of any such offenses. Rather, Walls allegedly defrauded the STRS by collecting his deceased mother's pension benefits. Such a crime, while serious, is not indicative of a disrespect for judicial authority or a cavalier attitude towards the reach of law enforcement such that Walls cannot be trusted to appear. *See Demmler*, 2007 WL 3228127, at \*4. The nature and circumstances of the offense therefore militate in favor of pretrial release.

### 2. Weight of the Evidence

As Walls admits, the weight of the evidence against him is formidable. Although the statute permits the court to consider evidence of guilt, it neither requires nor permits a pretrial

-4-

determination that Defendant is guilty. *See U.S. v. Matomedi*, 767 F.2d 1403, 1408 (9th Cir. 1985); *U. S. v. Edson*, 487 F.2d 370, 372 (1st Cir. 1973); *U.S. v. Alston*, 420 F.2d 176, 179 (D.C. Cir. 1969). Evidence of guilt may be considered only as it informs the likelihood that Walls will fail to appear. 18 U.S.C. § 3142(g); *Matomedi*, 767 F.2d at 1408. Otherwise, "if the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *Matomedi*, 767 F.2d at 1408; *see also Alston*, 420 F.2d at 179-80. Although the weight of the evidence militates in favor of detention in this case, Walls is no more of a flight risk than any other defendant against whom the Government's case is strong. The weight of the evidence is therefore the least important of the various factors. *Matomedi*, 767 F.2d at 1408 (citing *U.S. v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972)).

### 3. History and Characteristics

The Government urges pretrial detention because Walls allegedly: (1) relocated to avoid indictment; and (2) proffered false statements to law enforcement and Pretrial Services upon arrest. Neither accusation, upon scrutiny, merits pretrial detention. The Government alleges that upon receiving a letter from the United States Attorneys' Office stating that Walls was under investigation for wire fraud, he and his family abandoned their rental home without notice to the landlord. After Walls was indicted, FBI Agents testified that they found him only with some difficulty. But there is no evidence that Walls absconded to avoid arrest. His family remained in the Phoenix area and he registered his name and address with local utility companies. Nor was Walls under any obligation to inform the Government of his movements at the time.

The Government counters that Walls also has an outstanding warrant for his arrest in Flagstaff, Arizona, for failure to appear for a traffic violation. Both his relocation and the arrest

-5-

warrant are indicative, argues the Government, of a predisposition to flee in the face of impending prosecution. The Court does not agree. To argue that Walls will fail to appear on felony charges in federal court because he did not appear for a traffic matter in a jurisdiction roughly 150 miles from his home requires a leap which this Court is unwilling to make. The traffic offense pales in gravity to the charges now confronting Walls. In sum, these instances fail to clear the statutory hurdle requiring the Government to show by a preponderance of the evidence that there are no conditions of release under which Walls will appear before this Court.

Second, the Government contends that Walls is a flight risk because he proffered false information to law enforcement officers and Pretrial Services upon arrest. Specifically, the Government alleges that Walls: (1) denied using drugs although he later tested positive for cocaine; (2) stated that his friend owned the house in which his family was living, when in fact his friend's wife owned the property; (3) lied about the name of his employer, identifying the company as "Know Not Advertising," when in fact he was an employed by "Incredible Advertising;" and (4) stated that he earned $160,000 in 2006, even though there are no records of his work history in the Arizona employment or social security databases.

None of these alleged false statements suggests that Walls is a flight risk. Although the statute mentions a "history relating to drug or alcohol abuse" as a factor militating in favor of pretrial detention, Walls's occasional social use does not rise to the level of abuse. 18 U.S.C. § 1942(g)(3)(A). *Compare U.S. v. Bright*, 2006 WL 1722376, \*2 (N.D. Ill. June 16, 2006) (Defendant's daily drug use a factor militating in favor of pretrial detention), *and U.S. v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (affirming denial of pretrial release based on a multitude of factors, including Defendant's admission of a "drug problem"). The fact that he denied using

-6-

cocaine does not alone suggest that Walls will fail to appear on charges of wire fraud.

Similarly, Walls's other allegedly false statements are not particularly relevant to determining his propensity to abscond. That he thought his friend owned the house in which his family was living, even though his friend's wife held the title, is irrelevant. Next, although Walls allegedly provided Pretrial Services with the wrong name for his employer, he had only been employed for two weeks before his arrest. Moreover, Walls corrected this mistake at the detention hearing. Finally, with respect to Walls's income in 2006, the Government's inability to verify whether he actually earned $160,000, as he previously stated in a civil suit, has little bearing on these proceedings. Ultimately, these allegedly false statements do not suggest that Walls is a flight risk.

Walls is 58 years old. He has been married for seventeen years. He and his wife are raising three young children and he just started a new job with an advertising firm. He is afflicted with multiple sclerosis and high blood pressure, which restrict him to a wheelchair and presumably require ongoing treatment. He has no criminal history, he has limited financial resources, and he is under indictment for a non-violent non-drug related offense. The Government concedes that he is not a danger to the community. Given his ties to his family, his physical condition, and the charges, the Court concludes that the Government has failed to establish by a preponderance of the evidence that there are no conditions under which the Court can reasonably assure Walls's appearance.

## V. CONCLUSION

For the aforementioned reasons, the Court **DENIES** the Government's Motion and **ORDERS** that Defendant be returned to court in the District of Arizona for a bag and baggage

hearing to be released on the conditions recommended in the Pretrial Services report dated December 5, 2007, with the following additions:

> (1) Defendant will submit to electronic monitoring and comply with all program requirements including specific directions of the Pretrial Services officer. Defendant may be required to pay some portion of the cost of electronic monitoring.
>
> (2) Defendant will submit to home detention except for specific activities.
>
> (3) Defendant is not to leave Maricopa County without prior approval from the Court or Pretrial Services. Of course, Defendant is free to travel to appear before this Court.

As a result, Defendant's Motion to Lift Stay of Release Order, Motion for Release for Delay in Reviewing Magistrate's Order, and Motion to Impose Deadline on the Previously Imposed Stay of Release are **MOOT**.

**IT IS SO ORDERED.**

> **s/Algenon L. Marbley**
> **ALGENON L. MARBLEY**
> **UNITED STATES DISTRICT COURT**

**Dated: January 22, 2008**